Filed 8/6/25  P. v. Ayala CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B338281 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA502469) |
| v. | |
| JOSE ANTONIO MALIK AYALA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**I**

The People charged defendant Jose Antonio Malik Ayala (aka King Ayala) with one count of battery causing serious bodily injury for an attack he committed on September 19, 2021. (Pen. Code, § 243, subd. (d).)[1] According to the probation report, the victim, Edward B., told police officers that as he was walking on Hollywood Boulevard talking on his cell phone, an unknown man walked up behind him and said something about a cell phone. Edward felt the man was coming close to him, so, as a safety precaution, he turned to enter a nearby restaurant. Just as he crossed the threshold of the restaurant, the man began punching him, hitting him in the head and face about 10 times. When officers encountered him shortly thereafter, Edward's left eye was swollen shut. He had a laceration above the eye and another on his neck, and he complained of pain to his arm, which he had used to block the attack. Employees of the restaurant identified the assailant as Ayala, a regular customer.

Proceedings in the case were suspended for most of the next two years after defense counsel declared a doubt as to Ayala's competence to stand trial. In February 2024, the mental health court declared Ayala competent, and shortly thereafter, Ayala agreed to a plea bargain in which he pleaded no contest to battery causing serious bodily injury. Pursuant to the deal, the court imposed the middle term sentence of three years.

Ayala filed a timely notice of appeal, and this court issued an order limiting the scope of the appeal to issues appealable without a certificate of probable cause.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

## II

The attorney appointed to represent Ayala on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues. When an attorney files such a brief, we are required to allow the defendant an opportunity to file a supplemental brief (*id.* at p. 439), and we must "conduct a review of the entire record" (*id.* at p. 441).

Ayala submitted a supplemental brief addressing a wide range of concerns, only one of which is cognizable in an appeal following a plea of no contest: Ayala claims his "custody credits were discounted grotesquely" because section "4019 specifically gives you [five] days for [two] days of actual credit." This is incorrect. Under section 4019, "for every four-day period an inmate is confined in or committed to an enumerated facility or other listed setting, one day will be deducted from the inmate's sentence for satisfactory performance of assigned labor and one day will be deducted for good behavior. (§ 4019, subds. (b)-(c).) '[I]f all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody.' (*Id.*, subd. (f).)" (*People v. Yang* (2022) 78 Cal.App.5th 120, 125.) Thus, under the statute, a defendant who complies with relevant rules will receive "approximately one-half off their sentence." (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2024) ¶ 15:4.) The abstract of judgment accurately reflects this rule, and we find no error in the calculation of Ayala's custody credits.

The remaining issues Ayala raises are not cognizable in this appeal. These include claims regarding Ayala's identity and fingerprints (he claims to be "jurisdictional king of Spain" and "substantive US President" (capitalization omitted)), the

verification of unspecified assets, and the procedures surrounding the determination of his competency.

We have examined the entire record and are satisfied that no arguable issues exist, and that Ayala's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125-126; *People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.

4